Daniel S. Szalkiewicz, Esq. (DS2323)
Cali P. Madia, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff C.K.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.K.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY RIGUEUR a/k/a JEFFREY R. WING,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>Case Action No. 1:24-cv-2778 |

Plaintiff C.K. ("Plaintiff" or "C.K."), by her attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Defendant Jeffrey Rigueur a/k/a Jeffrey R. Wing ("Rigueur" or "Defendant") runs an OnlyFans page using the account name "thecosmonaut[.]" Through this account, Defendant sells videos and images of unsuspecting victims he has encountered sexually.

2. For the price of $26 a month Defendant Rigueur promises his subscribers "an entire collection of girls who are in love with BBC[.]"

3. According to Defendant Rigueur, he has the ability of "[h]elping guys get laid." Rigueur promises viewers "BBC와 사랑에 빠진 소녀들의 전체 컬렉션을 찾을 수 있습니다," including "Korean/Asian[,]" "Mexican / Latina[,]" "Black[,]" and "White[.]"

1

4. As of March 26, 2024, Defendant Rigueur's Cosmonaut page had shared 266 images and 130 videos.

5. However, what Defendant Rigueur does not inform the subscribes is that he uses his platform to share videos and images of unsuspecting victims, such as Plaintiff.

6. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for violations of federal privacy laws, 15 U.S.C. § 6851, [c]ivil action relating to disclosure of intimate images, related New York nonconsensual pornography statutes, and Civil Rights Law 50/51.

## THE PARTIES

7. Plaintiff C.K. is a resident of the County of New York, State of New York.

8. Plaintiff is a consultant and private citizen.

9. Defendant Rigueur is a resident of the County of Suffolk, State of New York. Rigueur's last known address is 3 York Drive Wyandanch, NY 11798.

10. Defendant Rigueur is the sole owner, operator, and poster of the OnlyFans account "The Cosmonaut" located at the URL https://onlyfans.com/thecosmonaut/.

## JURISDICTION AND VENUE

11. This action is also brought pursuant to 28 U.S.C. § 1331, federal question, pursuant to 15 U.S.C. § 6851.

12. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Southern District of New York is the Judicial District in which a substantial part of the events forming the

2

basis of the Complaint occurred, where a substantial part of the evidence involved in the subject action is situated, and where the Plaintiff resides.

## FACTUAL ALLEGATIONS

**Background**

13. Plaintiff first met Rigueur in August 2021 on Tinder. The parties went on several dates over the course of a two-month period,

14. Defendant told Plaintiff he owned a marketing agency called Wing Media and was in the beginning stages of opening an Airbnb business.

15. Defendant never disclosed his OnlyFans account and Plaintiff had no reason to inquire about one.

16. Defendant also held himself out to be a photographer and constantly carried around a DSLR camera.

17. Because Defendant always had his camera with him, Plaintiff never thought twice when she saw it sitting on a bedside table or elsewhere in a room.

18. In the beginning of the parties' tryst, Plaintiff was fully unaware he was recording her due to the strategic placement of his camera or phone, blindfolding, or other acts of subterfuge.

19. As the parties grew more comfortable with one another, Defendant asked if he could record Plaintiff. After receiving assurances that the content would remain between the two of them, Plaintiff agreed.

20. Eventually and prior to learning that he had posted her content, Plaintiff realized she did not see herself with Defendant long-term and, in October or November of 2021, let the fling fizzle out.

**Defendant Shares the Intimate Videos the First Time**

21.     On or about February 27, 2022 Defendant uploaded a video of Plaintiff on his OnlyFans page The Cosmonaut ("Video 1").  Video 1 was approximately 27 seconds long and shows Plaintiff and defendant engaged in sex.  Defendant captioned the video "Korean | Bora, 32 (~10 min) Full Video and Pictures - "Miami Nights".

22.     On June 18, 2023, Defendant uploaded a second video of Plaintiff to his OnlyFans page (Video 2). The video, 24 seconds long, showed Plaintiff engaged in sex with Defendant, her breast exposed.  Plaintiff captioned the video "Korean | Bora, 32, Full Video – 'Miami Nights'" and wrote:

> Working Korean women love to blow some steam off in incredibly freaky ways..
>
> Bora, a fan favorite will return for a UNRELEASED new video soon.
>
> Are you ready?

23.     On or about August 29, 2023 Defendant uploaded eight images and two videos of Plaintiff ("Video 3").  Advertising the sale of the video, Defendant wrote:

> Korean | Bora, 32 (~16 min)
> Full Video and Pictures - "Mia-mi Nights" + "Mr. Massage"
> Do not get if you already have.
> \*\*Ex Korean POP Star
> \*\*
> Bora is a busy working professional and officially the most popular girl on here without question.
> While she was on a business trip, she called me to stay with her down in Miami. Of course I went on the next flight.
> Over the next couple of nights in Miami, we fucked like never be-fore. Every night was something new and her tight Korean pussy just could not

4

> get enough! She spoke in Korean multiple times saying "Oppa" and how big my cock was too big for her.
> That of course turned me on.
> Get this NEW video to see Bora like never before. The BIGGEST drop is here!

24. Ensuring that Video 1 received international attention from his Korean followers, Defendant translated the writing into Korean.

25. Defendant charged subscribers $37.99 to view the video.

26. On August 25, 2023 Defendant published two images and two videos of Plaintiff to his OnlyFans account. Defendant charged subscribers another $37.99 to view the videos and wrote:

> Korean | Bora, 32 - Part 3 (~17 min)
> FULL Video and Pictures "Sex
> Toys" Retired KPOP Idol
> Do not get if you have already.
> Bora and I click. And when that happens, some magic can hap-pen. I got a text message from Bora the day before saying she was flying in again from a meet-ing. She's been wanting to try a few things recently and decided it was time to do so.
>
> I told her to tell me all her ideas and some things surprised me.
> Hearing the deepest darkest secrets from a woman's mind can be like that.
> We scheduled for her to come over the next day and we got down to business.
> In this brand new video, watch Bora speak Korean, get her wildest fantasies fulfilled and get fucked liked she deserves to be! Are you ready?

27. The first video was 16 minutes and 22 seconds long, showing Plaintiff naked on a bed while Defendant engaged in a sexual act with her ("Video 4"). The second video uploaded that day was approximately 16 minutes long and showed Plaintiff and Defendant having sex ("Video 5").

28. Plaintiff is blindfolded in the video and unable to see she is being filmed.

**Plaintiff Finds her Intimate Content Online**

29. In August of 2023, Plaintiff was using TikTok when the app suggested that @JRWingZero was someone she "may know" and provided Plaintiff with a link to his profile.

30. Recognizing Defendant's name and image, Plaintiff visited Defendant's profile.

31. Just a few taps of her finger later, Plaintiff found herself looking at Defendant's OnlyFans page. A couple taps after that and she was face to face with videos of herself engaging in sexual acts with Defendant.

32. Plaintiff was horrified.

33. Further investigation caused Plaintiff to realize that Defendant had not just uploaded her content on OnlyFans but onto PornHub as well.

34. Plaintiff retained an attorney, hopeful that Defendant would remove the content once he realized he had been caught.

**Defendant Receives a Cease and Desist Letter and Acknowledges he will Delete and not Reshare**

35. On November 13, 2023, Plaintiff's attorney sent Defendant a cease-and-desist letter demanding that he immediately stop sharing the intimate videos and delete the content.

36. The letter further emphasized that "[t]he material disseminated by you is clearly an intimate visual depiction of C.K. and how you shared the videos were nonconsensual."

37. Defendant was also warned that Plaintiff intended to "seek liquidated damages for the videos you disseminated without C.K.'s permission or consent."

38. The letter concluded by informing Defendant, in no uncertain terms, that he must:

> **IMMEDIATELY AND PERMANENTLY STOP POSTING AND/OR THREATENING TO POST ALL PHOTOGRAPHS, VIDEOS, AND/OR OTHER CONTENT ONLINE AND FURTHER DELETE**

>   **ANY CONTENT YOU HAVE UPLOADED OR CAUSED TO BE UPLOADED ON THE INTERNET DEPICTING OR CONCERNING C.K.**

39. The letter was sent by both email and mail to Mr. Rigueur.

40. On November 15, 2023, almost immediately after receiving the letter, counsel for Mr. Rigueur, Daniel Kron, contacted Plaintiff's attorney on behalf of the Defendant. Mr. Kron indicated that his client had removed the videos and would not share them again.

41. On January 3, 2024, Plaintiff's attorney sent Mr. Kron an email containing two proposed settlement agreements. The email also reaffirmed the conversation that Mr. Rigueur had agreed to not reshare the images.

42. On January 10, 2024, a conversation once again took place, wherein Mr. Rigueur refused to sign the proposals but agreed to not share the videos any further.

**Defendant Shares the Images Again Despite Being Warned Against his Conduct**

43. On February 15, 2024, a month after being assured that Defendant would cease his sharing the videos of Plaintiff, he once again shared an intimate video of Plaintiff.

44. Apparently unwilling to give up Plaintiff's videos as a revenue stream but also aware that Plaintiff had found his OnlyFans account, this time Defendant privately messaged his subscribers offering an 11 minute video of Plaintiff for $37.99.

45. Underneath a still from the video, Defendant wrote:

> Korean | Bora, 32 (~11 min)
> Full Video and Pictures -
> "Leaving her ex"
> Speaks Korean.
> What's going on fellow cosmonauts.
> I'm not going to lie to you. This is probably the hottest Korean girl yet and she doesn't disappoint. I matched with Bora off Tinder the same day she signed up for the app. She was going through a tough break-up and wanted to get her mind off her ex. When I got her number, I made plans a few days

7

> in advance for drinks. Fast forward, however, and she told me on the day that she was going to try and work things out with her ex. I was unfazed. I simply told her, "Let's just see where it goes. No pressure."
>
> She agreed and it was smooth sailing from there. When I met her, I was surprised because she was much hotter than I thought. She used to be a model she told me.
>
> As the night progressed, so did attraction. And eventually, we made our way back to my place that night multiple times. Want to see a NEW Korean girl get fucked like never before? And hear her speak Korean multiple times? Get this video NOW!

46. It is apparent Defendant will not cease his conduct without judicial intervention.

**Plaintiff's Harms**

47. Defendant's invasion of Plaintiff's privacy and utter disregard for her as a human being was made clear when he first uploaded her content onto his OnlyFans and PornHub accounts. His disrespect for Plaintiff was evidenced when, after being confronted by her about his bad acts and warned by an attorney to cease and desist his conduct, he continued to engage in the exact same behavior.

48. Plaintiff does not know nor will she ever know how many people throughout New York and the world have – without her permission or consent – viewed her naked body and seen her engaging in sexual acts.

49. This fact haunts Plaintiff and will always haunt Plaintiff as she moves through life, be it professionally or just walking down the street.

50. Defendant's violations have caused Plaintiff countless sleepless nights and severe emotional distress that has infected her relationships with others as well as her mental health.

51. Defendant's selling of Plaintiff's naked body for money against her clear and express wishes has left Plaintiff feeling powerless and frustrated by the harms that evil-minded individuals can inflict on the unsuspecting.

52. Plaintiff further recognizes the permanency of the internet and that even if Defendant deletes the content, he has already placed it into the hands of multiple third parties who may later decide to upload it online.

53. Because of this, Plaintiff will forever need to remain vigilant about her online presence and will be forced to undertake proactive measures to ensure prompt removal of offending content in the future.

### FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

54. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

55. Defendant disclosed the videos and images on his OnlyFans account using his cell phone/computer.

56. Defendant did not obtain Plaintiff's consent to disclose the images and videos.

57. Defendant knew Plaintiff did not consent to the disclosure of the content online.

58. Plaintiff was readily identifiable in the intimate content, much of which clearly shows full or partial views of her face and/or identifying tattoos and contain her voice.

59. As a result of Defendant's conduct, Plaintiff has been damaged.

60. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive

damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Violation of New York City Administrative Code §10-180)

61. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

62. Defendant disclosed Plaintiff's intimate content without her permission or consent.

63. The images and videos depict Plaintiff's exposed genitals and/or anus and show Plaintiff engaging in sexual acts.

64. Defendant had no legitimate purpose for disclosing the images onto the internet for the world to view, and only did so to cause Plaintiff substantial emotional, physical, and economic harm in retaliation for Plaintiff involving attorneys.

65. Plaintiff was readily identifiable in the intimate content, much of which clearly shows full or partial views of her face and/or identifying tattoos and contain her voice.

66. Although a criminal statute, the code provides for civil remedies:

    (a) Compensatory and punitive damages;
    (b) Injunctive and declaratory relief;
    (c) Attorneys' fees and costs; and
    (d) Such other relief as a court may deem appropriate.

67. As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

68. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

69. Plaintiff had a reasonable expectation that the content, when captured, would remain private.

70. The content disclosed by Defendant contained the exposed intimate parts of Plaintiff and/or Plaintiff engaging in sexual conduct.

71. Defendant disseminated and published Plaintiff's intimate content without Plaintiff's permission or consent.

72. The content was shared for the purpose of harassing, annoying, or alarming Plaintiff and in retaliation for her involvement of attorneys.

73. As a result of Defendant's actions, Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## FOURTH CAUSE OF ACTION
### (Violation of Civil Rights Law 50/51)

74. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

75. New York Civil Rights Law §51 sets forth:

> Any person whose name, portrait, picture or voice is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait, picture or voice, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use *if the defendants shall have knowingly used such person's name, portrait, picture* or voice in such manner as is forbidden or declared to be unlawful by section fifty of this article; *the jury, in its discretion, may award exemplary damages*. (emphasis added).

76. Defendant, by his acts alleged and described herein, has violated Section 51 of the New York Civil Rights Law.

77. As described above, Defendant recorded Plaintiff and then sold and licensed her image and videos on OnlyFans without her permission or consent.

78. Indeed, in one post, Defendant described Plaintiff as "officially the most popular girl on here without question" indicating Plaintiff's videos were heavily viewed and highly profitable.

79. Defendant did not seek or receive Plaintiff's written consent to sell her image.

80. As a result of Defendant's violation of Section 51 of the New York Civil Rights Law, Defendant is liable for: (a) compensatory damages; and (b) for exemplary damages in an amount to be determined by the jury.

81. As a proximate result of Defendant's wrongful conduct, Plaintiff has been irreparably harmed, and has also suffered damage in an amount to be determined at trial.

82. As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.	An award of damages against Defendant in an amount to be determined at trial, but not less than $150,000.00 per intimate image and video shared, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

B.	An injunction and order permanently restraining Defendant from disseminating Plaintiff's intimate images and videos without her permission or consent;

C.	An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

D.	Prejudgment interest on all amounts due;

E.	An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F.	Such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	April 12, 2024

                                        Respectfully submitted,

                                        **Daniel Szalkiewicz & Associates, P.C.**

                                        */s/ Daniel Szalkiewicz*
                                        By:	Daniel S. Szalkiewicz, Esq.
                                                 Cali P. Madia, Esq.
                                        23 West 73rd Street, Suite 102
                                        New York, NY 10023
                                        Telephone: (212) 706-1007
                                        Facsimile: (646) 849-0033
                                        daniel@lawdss.com
                                        *Attorneys for Plaintiff*