Daniel S. Szalkiewicz, Esq.
Cali P. Madia, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

Attorneys for the Plaintiff C.K.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| C.K.,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY RIGUEUR a/k/a JEFFREY R. WING,<br><br>    Defendant. | Case No. 1:24-cv-2778 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HER MOTION TO PROCEED UNDER PSEUDONYM**

## **Table of Authorities**

**Cases**

K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR])4

S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]) .................................................................................................................. 4

Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008] ..................................... 4

**Statutes**

15 U.S.C. § 6851 ............................................................................................................................ 4

Federal Rule of Civil Procedure ("FRCP") 10(a) ......................................................................... 4

Plaintiff C.K., ("Plaintiff" or "C.K.") by and through his attorneys, Daniel Szalkiewicz & Associates, P.C. respectfully submits this memorandum of law in support of her application for leave to proceed under a pseudonym in this matter.

## PRELIMINARY STATEMENT

Plaintiff brings this action due to the ongoing harassment being done to her by the defendant, JEFFREY RIGUEUR a/k/a JEFFREY R. WING ("Rigueur" or "Defendant"). In 2022, the parties were engaged in a short-term relationship. Defendant Rigueur filmed several of their sexual encounters. However, in a complete betrayal of trust, and without her consent, Defendant Rigueur began sharing for profit several of these intimate videos and images on his OnlyFans account. Plaintiff attempted first by herself to remove the videos, and when she was unccessarful, retained an attorney. The law firm contact Defendant Rigueur, expressly stating he had violated the law and must not share the videos again. After receiving assurances from Defendant Rigueur's lawyer that no more videos would be uploaded, Defendant once again chose to sell videos of Plaintiff on his website. Plaintiff has now been forced to file this instant action.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of her identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendant requires that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal her name and Defendant is allowed to upload her intimate content onto the docket, Defendant would be able to continue to publicly harass Plaintiff and share her intimate media online. Given the resulting lack of prejudice to Defendant, this Court should grant Plaintiff's motion.

**FACTUAL BACKGROUND**

For the sake of brevity, Plaintiff will not repeat the allegations of his Complaint; rather, she provides the following facts relevant to this application, and respectfully directs the Court to her filed Complaint for a full recitation of her claims.

**ARGUMENT**

Initially, Plaintiff brings this action under 15 U.S.C. § 6851. The federal statute specifically allows for a plaintiff to proceed anonymously. Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Since the enactment of 15 U.S.C. § 6851, numerous federal courts have permitted Plaintiff to proceed under similar circumstances using their initials. See S.S. v Collins, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]); see also K.I. v Tyagi, 2024 US Dist LEXIS 15693, at *1 [D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR])

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings, New York courts "have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of the parties], which permit plaintiffs to proceed anonymously" (Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008]). In Sealed Plaintiff, the Second Court of Appeals endorsed the Ninth Circuit's balancing test, specifically stating that "a party may preserve his or her anonymity in judicial proceedings in special circumstances

when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." (Id.).  The Second Circuit Court of Appeals further elaborated that "several factors" should be considered, including the following "non-exhaustive" list:

> 1. whether the litigation involves matters that are 'highly sensitive and of a personal nature[;]'
> 2. whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties
> 3. whether identification presents other harms and the likely severity of those harms…including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,'
> 4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure… particularly in light of his age…
> 5. whether the suit is challenging the actions of the government or that of private parties,
> 6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court…
> 7. whether the plaintiff's identity has thus far been kept confidential…
> 8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…
> 9. 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,'; and
> 10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
> (Id. at 190, citations omitted).

There can be no doubt that these factors weigh in favor of allowing Plaintiff to proceed using her initials.

First, this litigation involves multiple videos and images of Plaintiff engaging in sexually explicit conduct.  Plaintiff's uncovered genitals, nipples, and anus are visible in much of the content, making it highly sensitive and personal in nature.  Second, further dissemination of the content – which Defendant has already published without Plaintiff's permission or consent – and

5

public linking of Plaintiff's name to Defendant's bad acts poses a mental harm to Plaintiff and is needlessly revictimizing.  Third, Defendant's goal was to cause Plaintiff maximum humiliation; should Plaintiff be forced to proceed using her true name, this Court will only be assisting Defendant in reaching that goal.  Fourth, while Plaintiff is not underage, she holds professional position which may be impacted if Defendant uses her true name.  Fifth, the suit is challenging the private actions of Defendant and has no relation to government action.  Sixth, Defendant is very aware of Plaintiff's true identity as he was in a relationship with her and filmed the content with her.  Seventh, to date, Plaintiff's identity has been confidential.  Any public filing made by C.K. has used a pseudonym.  Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendant. Plaintiff's name is not known to the public at large and she leads a private life.  Eighth, as both parties are private individuals, there is little public interest in the litigation.  Ninth, the issues involved, while salacious, are legal in nature.  Tenth, Plaintiff is not aware of any other mechanism to protect her reputation and confidentiality.

      Plaintiff should be permitted to continue to use a pseudonym and, if one is granted, should be allowed to litigate with some comfort that Defendant will not post her intimate images onto the docket to undermine an order permitting her to proceed using a pseudonym.

Dated:  April 12, 2024

                                              Respectfully submitted,

                                              <u>Daniel S. Szalkiewicz, Esq.</u>
                                              **Daniel Szalkiewicz & Associates, P.C.**
                                              Daniel S. Szalkiewicz, Esq.
                                              23 West 73rd Street, Suite 102
                                              New York, New York 10023
                                              (212) 706-1007
                                              daniel@lawdss.com

                                              Attorneys for Plaintiff C.K.