UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.K.,<br><br>                    Plaintiff,<br>         -against-<br><br>JEFFREY RIGUEUR AKA JEFFREY R. WING,<br>                              Defendant. | Index No.: 1:24-CV-02778-NRB<br><br>**ANSWER**<br><br>**JURY TRIAL DEMANDED** |

Defendant Jeffrey Rigueur ("Defendant" or Mr. Rigueur) by his attorney, Igor Litvak, Esq., as and for his Answer to the Plaintiff's Complaint with affirmative defenses, responds, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.  Admits to managing an OnlyFans page using the account name "thecosmonaut," Denies selling videos and images of unsuspecting victims he has encountered sexually.

2.  Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 2 of the Complaint.

3.  Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 3 of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 4 of the Complaint.

5.  Denies the allegations set forth in paragraph 5 of the Complaint that Defendant uses the platform to share videos and images of unsuspecting victims, such as Plaintiff.

6.  Paragraph 6 of Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent Paragraph 6 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

**THE PARTIES**

7.  Denies knowledge or information sufficient to form a belief as the truth of the

allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Denies the allegations set forth in paragraph 9 of the Complaint that Defendant is a resident of the County of Suffolk, State of New York, or that his last known address is 3 York Drive, Wyandanch, NY 11798.

10. Denies being the sole owner, operator, and poster of the OnlyFans account "The Cosmonaut" located at the URL http://onlyfans.com/thecosmonaut/.

## JURISDICTION AND VENUE

11. Paragraph 11 of the Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent paragraph 11 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

12. Paragraph 12 of the Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent paragraph 12 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

## FACTUAL ALLEGATIONS

13. Admits to first meeting the Plaintiff on Tinder on or around August of 2021. Admits that the parties went on several dates over several months.

14. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 15 of the Complaint. However, Defendant did advise and inform Plaintiff that Defendant makes sex videos and posts them online.

16. Denies allegations set forth in paragraph 16 of the Complaint that Defendant held himself out to be a photographer and constantly carried around a DSLR camera.

17. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies allegations set forth in paragraph 18 of the Complaint. In fact, the Plaintiff knew that she was being recorded and gave full consent for the videos to be recorded.

19. Denies allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 20 of the Complaint, except that Defendant admits that the relationship between the parties ended around November of 2021.

21. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 26 of the Complaint

27. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 27 of the Complaint contained therein.

28. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 28 of the Complaint and, therefore, denies all allegations contained therein, except that the Plaintiff always knew that she was being filmed.

29. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Admits to the allegations as set forth in paragraph 35.

36. Admits receiving the letter but denies the truth of the allegations stated in the letter.

37. Admits receiving the letter but denies the truth of the allegations stated in the letter.

38. Admits receiving the letter but denies the truth of the allegations stated in the letter.

39. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Denies allegations set forth in paragraph 40, except that upon affirmation and belief, the attorney Daniel Kron did contact the Plaintiff's counsel and stated that Defendant would take steps to remove the videos from the Internet and not share them again.

41. Admits to the allegations as set forth in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Paragraph 47 of the Plaintiff's Complaint states a conclusion of fact and does not require a response. To the extent paragraph 46 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

47. Denies allegations set forth in paragraph 47 of the Complaint.

48. Denies all allegations set forth in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 50 of the Complaint.

51. Denies allegations set forth in paragraph 51 of the Complaint to the extent that Defendant is selling Plaintiff's naked body for money against her clear and express wishes. Denies knowledge or information sufficient to form a belief as the truth of the remaining allegations set forth in paragraph 51 of the Complaint and, therefore, denies all remaining allegations contained therein.

52. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 53 of the Complaint.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

54. As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 53, Defendant provided the same answers as stated above in respective paragraphs.

55. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 55 of the Complaint.

56. Denies allegations set forth in paragraph 56.

57. Denies allegations set forth in paragraph 57.

58. Denies allegations set forth in paragraph 58.

59. Denies allegations set forth in paragraph 59.

60. Denies allegations set forth in paragraph 59 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

## SECOND CAUSE OF ACTION
### (Violation of New York City Administrative Code §10-180)

61. As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 60, Defendant provided the same answers as stated above in respective paragraphs.

62. Denies allegations set forth in paragraph 62.

63. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 63 of the Complaint.

64. Denies allegations set forth in paragraph 64.

65. Denies allegations set forth in paragraph 65.

66. Paragraph 66 of the Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent paragraph 66 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

67. Denies allegations set forth in paragraph 67 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

### THIRD CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

68. As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 67, Defendant provided the same answers as stated above in respective paragraphs.

69. Denies allegations set forth in paragraph 69.

70. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 70 of the Complaint.

71. Denies allegations set forth in paragraph 71.

72. Denies allegations set forth in paragraph 72.

73. Denies allegations set forth in paragraph 73 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

### FOURTH CAUSE OF ACTION
### (Violation of Civil Rights Law 50/51)

74. As Plaintiff reiterates the same allegations as stated in paragraphs 1 through 73, Defendant provided the same answers as stated above in respective paragraphs.

75. Paragraph 75 of the Plaintiff's Complaint states a conclusion of law and does not require a response. To the extent paragraph 75 may be read to make allegations of facts concerning the Defendant, those allegations are denied.

76. Denies allegations set forth in paragraph 76.

77. Denies allegations set forth in paragraph 77.

78. Denies knowledge or information sufficient to form a belief as the truth of the allegations set forth in paragraph 78 of the Complaint.

79. Denies allegations set forth in paragraph 79.

80. Denies allegations set forth in paragraph 80 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

81. Denies allegations set forth in paragraph 81.

82. Denies allegations set forth in paragraph 82 of the Complaint and denies that Plaintiff is entitled to any relief in this action.

## PRAYER FOR RELIEF

Defendant denies each and every allegation set forth in the "WHEREFORE" clause of the Complaint, including its subparts, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

83. In addition, Defendant alleges the following affirmative defenses with respect to all of Plaintiff's claims and causes of action:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84. Plaintiff has failed to state a cause of action on which relief can be granted against answering Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85. Plaintiff failed to mitigate some or all of the damages claimed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86. Plaintiffs have suffered no damages or pecuniary loss attributable to actionable conduct by Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87. Any damages Plaintiff allegedly sustained resulted from Plaintiff's own conduct, or that of third parties and was not the proximate result of any act or omission by Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

88. Defendant acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by him at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, delay, acquiescence, unclean hands, bad faith, and/or waiver.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

90. Defendant hereby gives notice that he intends to rely upon other affirmative defenses that may become available or appear during discovery proceedings in this case and hereby reserves his rights to amend his Answer to assert such defenses.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

Dismissing the Complaint with prejudice, entering a judgment in favor of Defendant, and;

Awarding Defendant costs of suit incurred in defense of this action, including its reasonable attorneys' fees; and such further and other relief as the Court may deem just and proper.

Dated: June 12th, 2024.

                                                      __/s/ Igor Litvak_____
                                                      Igor Litvak, Esq.
                                                      The Litvak Law Firm , PLLC
                                                      1733 Sheepshead Bay Road, Suite 22
                                                      Brooklyn, NY 11235
                                                      718-989-2908
                                                      Igor@LitvakLawNY.com
                                                      Attorneys for Defendant Jeffrey Rigueu

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12th, 2024, I filed the foregoing with the Clerk of the Court by CM/ECF System, which will send notification of such filing to the appropriate parties, including:

Daniel Szalkiewics, Esq.
Attorney for the Plaintiff
23 West 73rd Street, Suite 22
New York, NY 10023
Tel: (212) 706-1007
Fax: (646) 849-0033
Email: Daniel@lawdss.com

                                            /s/ Igor Litvak

                                            Igor Litvak, Esq.