# THE LITVAK LAW FIRM, PLLC

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW

1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM

---

July 22nd, 2024

**Via ECF**
Hon. Naomi Reice Buchwald
United States District Court Judge
United States District Court for
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    C.K. v. JEFFREY RIGUEUR, 1:24-CV-02778 S.D.N.Y.
               Pre-Motion Conference Request

      The undersigned represents Defendant Jeffrey Rigueur in the above-referenced action. On or about July 12, 2024, Plaintiff served the undersigned with NOTICE OF SUBPOENA to Fenix International Limited d/b/a OnlyFans, seeking, *inter alia*, documents and communications between Defendant and OnlyFans regarding numerous third parties, unrelated in this matter. Exhibit 1. While Defendant made attempts to convince Plaintiff to modify the subpoena because it is too broad as it seeks information not relevant to this litigation and some of the requests are too vague and subject to multiple interpretations, see Exhibit 2, Plaintiff declined to heed the undersigned objections. Failing to resolve in good faith this discovery dispute without this Court's intervention, the Defendant wishes to challenge said subpoena by filing a Motion to Modify/Quash. As a result, the undersigned now respectfully submits this letter requesting a pre-motion conference pursuant to this Court's Individual Practice Rules 2 (B).

      The Federal Rules of Civil Procedure require a motion to quash a subpoena to be made "promptly . . . at or before the time specified in the subpoena for compliance therewith." City of New York v. Golden Feather Smoke Shop, Inc., No. 08-CV-3966 (CBA), 2009 U.S. Dist. LEXIS 149541, 2009 WL 10705762, at 2 (E.D.N.Y. Dec. 21, 2009) (citing Fed. R. Civ. P. 45(b)). "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.), 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022).  Here, the anticipated Motion is timely as the return date of the subpoena is August 9, 2024. With this respect, the undersigned respectfully requests that should the Court schedule a pre-motion conference or set a briefing schedule for said Motion, it also orders Plaintiff to withdraw the subpoena pending the motion practice and the Court's determination.

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case." Johannes v. Lasley, No. 17-CV-3899 (CBA) (AYS), 2019 U.S. Dist. LEXIS 74440, 2019 WL 1958310, at 3 (E.D.N.Y. May 2, 2019) (citing Fed. R. Civ. P. 26(b)(1)). "Nonetheless, a court has discretion to circumscribe discovery even of relevant evidence by making any order which justice requires 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Id. (citing Fed. R. Civ. P. 26(c)(1). Rule 26(b)(1) states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Even if the discovery sought by a party is relevant, this Court must still weigh its right to obtain that discovery against the burden imposed on the opposing party. Est. of Tillman v. City of NY, 345 F.R.D. 379, 384 (E.D.N.Y. 2024). Moreover, the court may issue an order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . . ." Id. (citing Fed. R. Civ. P . 26(c)). Notably, a motion to quash "is not an all-or-nothing proposition; the Court may not only grant or deny such a motion, but it may also order the subpoena modified if appropriate. Id. "[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004); Morelli v. Alters, No. 1:19-cv-10707-GHW, 2020 U.S. Dist. LEXIS 207362, at 10 (S.D.N.Y. Nov. 5, 20200(Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action but there is an exception for "parties who have a claim of some personal right or privilege with regard to the documents sought.") "Examples of such personal rights or privileges include the personal privacy right and privilege with respect to the information contained in psychiatric and mental health records, claims of attorney-client privilege, and other privacy interests, including those relating to salary information and personnel records." Id. See also Arias-Zeballos v. Tan, No. 06-cv-1268 (GEL) (KNF), 2007 U.S. Dist. LEXIS 5068, 2007 WL 210112, at 1 (S.D.N.Y. Jan. 25, 2007) (concluding that a movant had standing to quash subpoena issued to third-party banks based on the movant's "privacy interest in [his] financial affairs").

On a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Night Hawk Ltd. v. Briarpatch Ltd., No. 03-cv-1382 (RWS), 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at 8 (S.D.N.Y. Dec. 23, 2003). A subpoena that pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous. Kirschner v. Klemons, No. 99-cv-4828 (RCC), 2005 U.S. Dist. LEXIS 9803, 2005 WL 1214330, at 2 (S.D.N.Y. May 19, 2005). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." Night Hawk, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833. Courts regularly quash subpoenas that are overbroad and vague. Hedgeye Risk Mgt., LLC v. Dale, No. 21-CV-3687 (ALC) (RWL), 2023 U.S. Dist. LEXIS 116323, at 3 (S.D.N.Y. July 5, 2023). See, e.g., Estate of Ungar v. Palestinian Authority, 332 F. App'x 643, 645 (2d Cir. 2009) (affirming district court's quashing of subpoena "because it was overly broad and burdensome"); Morelli v. Alters, 2020 U.S. Dist. LEXIS 207362, 2020 WL 6508858, at 6 (S.D.N.Y. Nov. 5, 2020) (quashing three subpoenas that were "substantially overbroad" and seemingly issued for purposes of

harassment); <u>Bhatt v. Lalit Patel Physician P.C</u>., No. 18-CV-2063, 2020 U.S. Dist. LEXIS 262800, 2020 WL 13048694, at 2-3 (E.D.N.Y. Oct. 19, 2020) (quashing subpoena for documents and deposition testimony where requests were not sufficiently tailored); <u>Blackrock Allocation Target Shares v. Wells Fargo Bank N.A.</u>, No. 14-CV-9371, 2017 U.S. Dist. LEXIS 223388, 2017 WL 9401102, at 2-3 (S.D.N.Y. March 2, 2017) (denying motion to compel compliance with deposition and document subpoena where document requests and deposition topics were deemed "unduly broad, vague, and burdensome").

Here, Plaintiff's subpoena seeks Defendant's private information that has absolutely no connection to and is in no way relevant to Plaintiff's claims against Defendant. In addition, the nature of this subpoena is not only harassing and detrimental to Defendant's privacy but also seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Specifically, in REQUEST NO. 1 Plaintiff demands to produce "All Documents and Communications between You and any third party relating to the Account @thecosmonaut hosting, publishing, or displaying nonconsensual videos or images."  First, the request should be limited to Plaintiff only, and the term "nonconsensual" should be removed as the site has no way of determining whether the content was consensual or not. Second, REQUESTS NO. 2 and 3 should be limited to all contacts between the site and Defendant regarding Plaintiff during the relevant time frame described in the complaint, and not other individuals possibly taped by Defendant. Third,  "REQUEST NO. 4: All Documents and Communications between You and the Account @thecosmonaut or Rigueur demonstrating that individuals in videos consented to their image being used before content is shared on OnlyFans" should be removed altogether as OnlyFans has no way of determining whether the content was consensual or not. Fourth, "REQUEST NO. 5: All Documents and Communications between You and the Account@thecosmonaut or Rigueur showing any payments made to the Account @thecosmonaut or Rigueur from 2020 until present" should be limited to contacts between the site and Defendant regarding Plaintiff only during the relevant time frame described in the complaint. Fifth, "REQUEST NO. 6: All Documents evidencing the view count on the videos displayed on the Account @thecosmonaut" should be limited to the view counts on the videos displayed on the Account @thecosmonaut depicting Plaintiff during the relevant time frame described in the complaint.

Critically, any requested information regarding other individuals whose images were allegedly published on Only Fans by Plaintiff is not relevant. In fact, it is highly prejudicial not only to Defendant, but also to said individuals as it would violate their protected privacy interests. Finally, at the Initial Conference held on July 11, 2024, the parties agreed to exchange initial disclosures to evaluate the feasibility of settlement and not to engage in full-blown discovery. As such, the parties did not contemplate Plaintiff's subpoena.

Therefore, the Defendant respectfully asks this Court to either schedule a pre-motion conference or set a briefing schedule for the within Motion. Thank you.

Sincerely,

_s/ Igor Litvak_____  
Igor Litvak, Esq.