UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
C.K.,

                 Plaintiff,                 Case No.: 24 Civ. 2778(NRB)

      -against-

JEFFREY RIGUEUR, A/K/A JEFFREY R.
WING,

                 Defendants.
-------------------------------------------------X

**PLAINTIFF C.K.'S
NOTICE OF SUBPOENA TO FENIX INTERNATIONAL LIMITED D/B/A ONLYFANS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Plaintiff C.K., by and through her attorneys, Daniel Szalkiewicz & Associates, P.C., intends to serve Fenix International Limited d/b/a OnlyFans, 9th Floor, 107 Cheapside, London, EC2V 6DN with a subpoena requesting the production of documents and electronically stored information. A copy of the subpoena to be served is attached.

Dated: July 12, 2024

                                                By: */s/ Daniel S. Szalkiewicz*
                                                DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
                                                23 West 73rd Street, Suite 102
                                                New York, New York 10023
                                                Telephone: (212) 706-1007
                                                Facsimile: (646) 849-0033
                                                Email: Daniel@lawdss.com
                                                          Cali@lawdss.com
                                                *Attorneys for Plaintiff C.K.*

1

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on July 12, 2024, I served PLAINTIFF JUN YAN'S NOTICE OF SUBPOENA TO **PLAINTIFF C.K.'S NOTICE OF SUBPOENA TO FENIX INTERNATIONAL LIMITED D/B/A ONLYFANS** via electronic mail on all counsel listed below:

Igor Litvak, Esq.<br>
The Litvak Law Firm, PLLC<br>
1733 Sheepshead Bay Road, Suite 22<br>
Brooklyn, NY 11235

Dated: July 12, 2024

By: */s/ Daniel S. Szalkiewicz*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| C.K. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 24 Civ. 2778(NRB) |
| JEFFREY RIGUEUR, A/K/A JEFFREY R. WING | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Fenix International Limited d/b/a OnlyFans, 9th Floor, 107 Cheapside, London, EC2V 6DN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

| Place: Daniel Szalkiewicz & Associates, P.C.<br>23 West 73rd Street, Suite 102, New York, NY 10023<br>Daniel@lawdss.com | Date and Time:<br>August 9, 2024 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 12, 2024

*CLERK OF COURT*                                    OR    /s/

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* C.K. , who issues or requests this subpoena, are:
Daniel Szalkiewicz, 23 W. 73rd Street, 102 New York, NY 10023, daniel@lawdss.com, 212-706-1007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**DEFINITIONS**

As used herein, the following terms shall have the following meanings:

 A. "You" and "Your" means **Fenix International Limited d/b/a OnlyFans** ("**OnlyFans**"), including all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on behalf of Hammond.

 B. "JEFFREY RIGUEUR" means RIGUEUR and any of his representatives, affiliates, agents, representatives, employees, consultants, attorneys, and others acting on behalf of JEFFREY RIGUEUR.

 C. "Plaintiff" means C.K.

 D. "Defendant" means JEFFREY RIGUEUR.

 E. Account means the account "The Cosmonaut" or @thecosmonaut located at the url https://onlyfans.com/thecosmonaut

 F. "All" and "Any" shall each be construed as encompassing any and all.

 G. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

 H. "Documents" means and includes any kind of written, typewritten, photographic, or printed material whatsoever and any computer-readable material, including, without limitation, papers, agreements, contracts, notes, memoranda, correspondence, letters, telegrams, statements, personal diaries, records, books, maps, blueprints, forms, transcriptions and

recordings, magnetic tapes, discs, and printed cards that are in Your possession, custody, or control.

I. "Communications" means, without limitation, oral or written communications of any kind, such as telephone conversations, discussions, meetings, notes, letters, negotiations, agreements, contracts, electronic communications, facsimiles, or other forms of written or oral exchange by words, thoughts, or ideas.

J. "Date" means the exact day of the month, the month, and the year. If only the approximate date is known or available, please state the approximate date, indicating that it is approximate only.

K. "Person" means, unless otherwise specified, any individual, corporation, proprietorship, partnership, association, firm, or entity.

L. "Lawsuit" means the above captioned litigation *C.K. v. Jeffrey Rigueur, Civil No. 24 Civ. 2778(NRB)*.

## INSTRUCTIONS

1. This Subpoena for Production of Documents (the "Requests") require You to produce all documents that are in Your actual or constructive possession, custody or control, or in the possession, custody or control of Your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Your behalf.

2. Plaintiff requests that all Documents be produced in the form in which they were found in their normal filing places, including in the document production the file folders or other bindings in which such documents have been so found. All documents should be produced as

maintained in the ordinary course of business. This means that electronically stored information should be produced in its native format unless the parties agree to its production in some other form.

      3.      If You withhold any of the requested Documents from production under a claim of privilege or other protection, You shall serve on the undersigned a list of such withheld documents indicating, for each document withheld, the following information if known or available to You: (a) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel); (b) the general subject matter of the document or electronically stored information; (c) the date of the document or electronically stored information; (d) such other information as is sufficient to identify the document or electronically stored information for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other; and (e) the nature of the privilege.

      4.      If You withhold any oral communications from production under a claim of privilege or other protection, You shall serve on the undersigned a list of such withheld communications indicating, for each communication withheld, the following information if known or available to You: (a) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (b) the date and the place of communication; (c) the general subject matter of the communication; and (d) the nature of the privilege.

5.      If You are aware of the existence of any requested Documents that You are unable to produce for inspection, specify in writing and serve upon the undersigned within thirty days of the service hereof, a list indicating the identity of such Documents. Such identification should, for each Document, set forth whether the Document (i) has been destroyed, (ii) has been lost misplaced, or stolen, or (iii) has never been, or is no longer, in the possession, custody or control of the responding party, in which case the name and address of any Person or entity known or believed by You to have possession, custody or control of that Document or category of Document should be identified. In each such instance, explain the circumstances surrounding the disposition and state the date or approximate date thereof.

6.      Pursuant to Federal Rules of Civil Procedure 26(e), the Requests are continuing in nature such that if You subsequently locate any Documents that are responsive to these Requests, You are required to produce the same.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: All Documents and Communications between You and any third party relating to the Account @thecosmonaut hosting, publishing, or displaying nonconsensual videos or images.

**REQUEST NO. 2**: All Contracts between You and Rigueur.

**REQUEST NO. 3**: All Contracts between You and any party purporting to represent the Account @thecosmonaut.

**REQUEST NO. 4**: All Documents and Communications between You and the Account @thecosmonaut or Rigueur demonstrating that individuals in videos consented to their image being used before content is shared on OnlyFans.

**REQUEST NO. 5**: All Documents and Communications between You and the Account @thecosmonaut or Rigueur showing any payments made to the Account @thecosmonaut or Rigueur from 2020 until present.

**REQUEST NO. 6**: All Documents evidencing the view count on the videos displayed on the Account @thecosmonaut.