**Re: CK v. Rigueur**

Igor Litvak <Igor@LitvakLawNY.com>
Thu 7/18/2024 7:06 PM
To:Daniel Szalkiewicz <daniel@lawdss.com>

Ok thank you for letting me know, I will file it Monday. Igor

Get Outlook for iOS

---

**From:** Daniel Szalkiewicz <daniel@lawdss.com>
**Sent:** Thursday, July 18, 2024 5:26:27 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Subject:** Re: CK v. Rigueur

Igor,

Feel free to make your motion. We stand by the subpoena.

--
Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

---

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Date:** Wednesday, July 17, 2024 at 5:30 PM
**To:** Daniel Szalkiewicz <daniel@lawdss.com>
**Subject:** Re: CK v. Rigueur

Daniel. I do not understand how information regarding videos involving other individuals is relevant to a potential settlement or my client's credibility. Even if other people depicted in those videos did not consent to the filming, how would this buttress your client's case? Again, this is not a criminal case, and information about other "similarly situated individuals" is not relevant as long as you are not asserting a class action on their behalf. Moreover, it would be impossible to track them down anyway, as OF does not have their names and addresses. Thus, your request is nothing but a fishing expedition. BTW, if you anticipate requesting this information about other individuals in your discovery demand, I will object in my responses as well. Finally, the information about all of his "assets, liability, and the dissemination of the videos" is most likely is not discoverable as it only marginally relevant to your claims as it has nothing to do with the amount of actual damages to your client.

Regarding your argument to get all his payments from OF as he "illegally profiting from my client's videos, the payments also go towards the Civil Rights Law 51 claim," this is precisely my point; I am not objecting to information related to counts on the videos displayed and payments to my client in connection with displaying videos involving C.K. during the relevant time frame described in the complaint. However, all other videos have no relevance whatsoever to C.K.'s claims, including her Civil Rights Law 51 claim. Thus, I

continue objecting to those requests.

Let me know if you are still going to advance your requests for this irrelevant information, so I can proceed with a motion to quash. Thank you. Igor.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
www.nyccrimelawyer.com
www.zontlaw.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

**From:** Daniel Szalkiewicz <daniel@lawdss.com>
**Sent:** Wednesday, July 17, 2024 11:05 AM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Subject:** Re: CK v. Rigueur

Igor,

The information contained in the subpoena response would go a long way towards settlement. The information will presumably show assets, liability, and the dissemination of the videos. It also goes to your client's credibility. Furthermore, these are all demands that we would make to him anyway as part of our basic requests but OF presumably has additional information your client would not.

Besides the fact that your client is illegally profiting from my client's videos, the payments also go towards the Civil Rights Law 51 claim.

--
Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Date:** Monday, July 15, 2024 at 7:32 PM
**To:** Daniel Szalkiewicz <daniel@lawdss.com>
**Subject:** Re: CK v. Rigueur

Daniel, my suggestion is that you withdraw that subpoena, and we do what we initially discussed with the Judge, let's exchange some initial discovery and see if we can settle the case. Igor.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
www.nyccrimelawyer.com
www.zontlaw.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Sent:** Monday, July 15, 2024 6:26 PM
**To:** Daniel Szalkiewicz <daniel@lawdss.com>
**Subject:** Re: CK v. Rigueur

Daniel, this is not a criminal case to prove his mens rea or state of mind based on prior uncharged conduct. This is about specific allegation by your client again my client. So, you can only prove his intent for punitive damages purposes by showing his conduct involving C.K. Thus, videos of other individuals published on Only Fans are not relevant. Your reference to a minority is irrelevant is well. In addition, it is highly speculative and inflammatory per se as this is not a class action. Finally, what is the significance of the amount of payments to your claims? Your client's damages do not depend on his income from the videos, so why do you want to obtain it?

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
www.nyccrimelawyer.com
www.zontlaw.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

---

**From:** Daniel Szalkiewicz <daniel@lawdss.com>
**Sent:** Monday, July 15, 2024 3:11 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Subject:** Re: CK v. Rigueur

I will review with my client.

Generally, it is our contention that your client routinely shares NCII on his website and CK is just one of his many victims. It seems to be his business model that he rather risk being sued than follow the law. I assume this is because he knows that many victims will not come forward with a public lawsuit based on content matter. Additionally, he appears to target a specific minority community with his conduct.

Relating to your specific objections:

1. If he has been accused of sharing NCII in the past and continued to do so with my client, it goes to the punitive damages portion of CK's claim. It also rebuts any defense of ignorance.

2. We disagree. Any agreement between him and OF are relevant.

3. Same response as with 2.

4. This comes directly from OF's NCII policy. It also relates to 1.

5. The payments he derived from his illegal activity are based on his subscriptions to his site and not segregated by video. More so, again, it goes to punitive damages and income that is subject to a judgment.

6. Her video appeared in his feed as well.

We would be willing to limit the subpoena's time frame for (5) and (6) from the time he first met CK until present, which I believe is August 2021.

--
Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

**From:** Igor Litvak <Igor@LitvakLawNY.com>
**Date:** Monday, July 15, 2024 at 3:01 PM
**To:** Daniel Szalkiewicz <daniel@lawdss.com>
**Subject:** Re: CK v. Rigueur

Dear Daniel,

I received the notice of subpoena. However, I respectfully object to the subpoena and request to modify it because it is too broad as it seeks information not relevant to this litigation. Moreover, some of your requests are too vague and subject to multiple interpretations. Specifically -

REQUEST NO. 1 Your demand to produce "All Documents and Communications between You and any third party relating to the Account @thecosmonaut hosting, publishing, or displaying nonconsensual videos or images." First, the request should be limited to C.K. only, and the term "nonconsensual" should be removed as the site has no way of determining whether the content was consensual or not.

"REQUEST NO. 2: All Contracts between You and Rigueur" should be limited to contacts between the cite and my client regarding C.K. during the relevant time frame described in the complaint.

"REQUEST NO. 3: All Contracts between You and any party purporting to represent the Account @thecosmonaut" should be limited to contacts between the site and my client regarding C.K. during the relevant time frame described in the complaint.

"REQUEST NO. 4: All Documents and Communications between You and the Account@thecosmonaut or Rigueur demonstrating that individuals in videos consented to their image being used before content is shared on OnlyFans" should be removed altogether as OnlyFans has no way of determining whether the content was consensual or not. Furthermore, it does not ask for info relevant to CK, instead, it asks for info that is irrelevant and/or confidential.

"REQUEST NO. 5: All Documents and Communications between You and the Account@thecosmonaut or Rigueur showing any payments made to the Account @thecosmonaut or
Rigueur from 2020 until present" should be limited to contacts between the cite and my client regarding C.K. during the relevant time frame described in the complaint.

"REQUEST NO. 6: All Documents evidencing the view count on the videos displayed on the Account @thecosmonaut" should be limited to the view counts on the videos displayed on the Account @thecosmonaut depicting C.K. during the relevant time frame described in the complaint.

If you decline to make the requested modification within 5 days, on behalf of the client, I will move to quash the subpoena. Please let me know your position regarding this request.

Igor Litvak, Esq.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road, Suite 22
Brooklyn, NY 11235
Tel/Fax: 718-989-2908
EMail: Igor@LitvakLawNY.com
www.nyccrimelawyer.com
www.zontlaw.com

CONFIDENTIALITY NOTICE:
This E-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of this E-mail or any attachment is prohibited. If you have received this E-mail in error, please notify us immediately by returning it to the sender, delete this copy from your system and destroy any hard copy that you may have made. Thank you.

**From:** Daniel Szalkiewicz <daniel@lawdss.com>
**Sent:** Friday, July 12, 2024 3:56 PM
**To:** Igor Litvak <Igor@LitvakLawNY.com>
**Subject:** CK v. Rigueur

Attached please find the notice of subpoena.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Daniel Szalkiewicz & Associates, P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033