**Daniel Szalkiewicz & Associates**

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033

August 14, 2024

**Via NYSCEF**
Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*Re:*   *C.K. v. Rigueur*
   *District Court, Southern District of New York*
   *Docket No. 24 Civ. 2778(NRB)*

Dear Judge Buchwald,

Our office represents plaintiff C.K. ("Plaintiff") in the above-referenced matter. I submit this letter to expand on defendant's counsel's creative interpretation of our communications since the last appearance in this case.

Notably, approximately one dozen e-mails have been exchanged between counsel for defendant Jeffrey Rigueur ("Rigueur" or "Defendant") and our office since July 11, 2024. As mentioned by Defendant's counsel, the day after the appearance, our office issued a subpoena to the website on which Defendant posted Plaintiff's videos, OnlyFans. Defendant has objected to OnlyFans responding to that subpoena, even though the information sought therein is exactly the type of discovery this Court envisioned being necessary to settlement of this action - namely, Defendant's assets, liability, the amount Defendant made selling Plaintiff's videos, how many individuals purchased and viewed Plaintiff's videos, other reports of nonconsensual dissemination of content, and agreements Defendant entered into and sent OnlyFans. On July 17, 2024, I apprised Defendant's counsel that the information sought from OnlyFans was information "we would make to him anyway as part of our basic requests but OF presumably has additional information your client would not." Our office refused to withdraw the subpoena and Defendant's counsel wrote his letter.

By August 1, 2024, Defendant's counsel wrote to insinuate that Plaintiff or Plaintiff's counsel was reporting Defendant's X account "even though nothing inappropriate is there[.]" Counsel for Defendant then asked if Defendant could also proceed anonymously to protect his privacy. Our office indicated that neither we nor our client knew Defendant had an X account and thus had not reported it, that we saw no basis for Defendant to seek anonymity protections, that there was little to report to the Court as Defendant had "not made any meaningful settlement offer or gesture" and that Plaintiff's videos were still being widely disseminated online.

Later, Defendant's counsel indicated Defendant would only make a settlement offer "after we have done some initial discovery exchange." Despite this representation, Defendant's

DS &A

August 14, 2024
Page 2

---

counsel has placed roadblocks to stop that exchange from occurring. Outrageously, even though Defendant's counsel readily admits his client posted Plaintiff's content online, he is demanding that Plaintiff provide *him* with the intimate videos as part of discovery.

It has also come to our attention that either OnlyFans or Defendant have conveniently deleted Defendant's account, potentially jeopardizing the continued existence of the information being sought in Plaintiff's subpoena. On August 6, 2024, Defendant's counsel indicated that Defendant had previously deleted all content relating to Plaintiff, that Defendant does not have access to the data associated with the account, and that "we have some data we got from the account before it was deleted but not much."

Defendant's counsel is aware of the information Plaintiff is seeking relating to Defendant's OnlyFans account as it was contained within the subpoena and then argued about in multiple e-mails. The mysterious deletion of Defendant's OnlyFans account will, more than likely, prevent Plaintiff from receiving the information she seeks from Defendant himself. As a result, Plaintiff's best and perhaps only chance of obtaining such discovery is from OnlyFans. As a result, in terms of an update, Plaintiff eagerly awaits Defendant's withdrawal of his arguments against disclosure or this Court's response to Defendant's letter.

While Plaintiff wishes to resolve the matter, Defendant's paltry offer, admitted destruction of videos and other pertinent information, interference with the OnlyFans subpoena, shameless request for anonymity to protect his own name while continuing to harm Plaintiff, and insistence on further revictimizing my client have made settlement talks futile.

Respectfully submitted,

DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
*/s/ Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.