```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
C.K.,

                Plaintiff,

          - against -                        MEMORANDUM AND ORDER

JEFFREY RIGUEUR, also known as                  24 Civ. 2778 (NRB)
Jeffrey R. Wing,

                Defendant.
-------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff C.K. ("plaintiff") asserts various federal and state claims against Jeffrey Rigueur ("defendant") arising out of allegations that defendant covertly recorded explicit videos of plaintiff and posted them to his page on the website OnlyFans under the account name "TheCosmonaut" without plaintiff's permission. See ECF No. 1 ("Compl.").

On July 12, 2024, plaintiff served OnlyFans with a third-party subpoena requesting the production of documents and electronically stored information, including (1) all documents and communications between OnlyFans and any third party relating to defendant's "hosting, publishing, or displaying nonconsensual videos or images"; (2) all contracts between defendant and OnlyFans; (3) all contracts between OnlyFans and any party purporting to represent defendant's account; (4) all documents and communications between OnlyFans and defendant or his account

demonstrating that individuals in videos consented to their images being used before content is shared on OnlyFans; (5) all documents and communications between OnlyFans and defendant or his account showing any payments made to defendant from 2020 until the present; and (6) all documents evidencing the view count on the videos displayed on defendant's account.  See ECF No. 17-1.

On July 22, 2024, defendant filed a pre-motion letter seeking to modify or quash plaintiff's third-party subpoena on OnlyFans.[1] See ECF No. 17.  OnlyFans, however, did not file any objection to the subpoena.  As an initial matter, "a party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right."  Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004).  Here, defendant does not point to any privilege or right sufficient to confer standing.  To the contrary, defendant seeks to quash the subpoena almost entirely on the basis that plaintiff seeks "information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  ECF

---

[1] Plaintiff, for her part, filed a letter in opposition to defendant's proposed motion.  ECF No. 18.  The Court deems it appropriate to treat the parties' pre-motion letters as motion papers given that the relief defendant seeks is non-dispositive, the letters were sufficiently lengthy and detailed to address all relevant arguments, and there is a clear lack of merit to the arguments supporting the proposed motion.  See Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 54 (2d Cir. 2022).

No. 17 at 3. Defendant's lack of standing, on its own, is sufficient to deny his motion.

In any event, the information plaintiff seeks from OnlyFans is indeed appropriate and relevant. On the first request, communications about defendant's posting of nonconsensual videos from other third parties, including complaints from other potential victims, would be highly relevant to plaintiff's claims here and is likely lead to other admissible evidence. Further, contrary to defendant's argument, OnlyFans can easily construe the term "nonconsensual" given that it supplies its own definition for the term.[2] See ECF No. 18-2. On the second and third requests, any contracts between OnlyFans and defendant (or his account) are plainly relevant to plaintiff's claims. In fact, defendant's objection to these requests seems to be based on a misreading of the word "contracts" as "contacts." See ECF No. 17 at 3. On the fourth request, defendant's argument that OnlyFans cannot apply the term "nonconsensual" is without merit for the same reason discussed above -- OnlyFans has its own definition and is capable of applying it. On the fifth request, payments made to defendant for his OnlyFans videos are wholly relevant, especially in light

---

[2] To the extent this request yields the documents containing the names of other individuals, those names should be redacted or substituted with pseudonyms to protect their identities.

of plaintiff's offer to limit the time frame of the request. ECF No. 18 at 3. Finally, on the sixth request, the view count on defendant's videos is relevant not just to plaintiff's injury but also to the amount of money defendant has earned from displaying videos of plaintiff.[3]

## CONCLUSION

For the foregoing reasons, defendant's motion to modify or quash plaintiff's third-party subpoena is denied. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 3.

**SO ORDERED.**

Dated:    August 15, 2024
          New York, New York

                                              _____
                                                  NAOMI REICE BUCHWALD
                                              UNITED STATES DISTRICT JUDGE

---

[3] On August 14, 2024, plaintiff advised that defendant's OnlyFans account had been deleted, ECF No. 20 at 2, which further supports our conclusion that the information plaintiff seeks from OnlyFans is relevant and important.