# *THE LITVAK LAW FIRM, PLLC*

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM

---

<u>Via ECF</u>                                                                                                August 16th, 2024
Southern District of New York
Hon. Naomi Reice Buchwald
500 Pearl Street
New York, NY 10007-1312

   Re: C.K. v. JEFFREY RIGUEUR, 1:24-CV-02778 S.D.N.Y.
     STATUS REPORT

Dear Honorable Naomi Reice Buchwald;

 I represent Mr. Jeffrey Regueur in the above-entitled action. On July 14, 2024, the Plaintiff's attorney filed a letter accusing me of "creative interpretation of our communications since the last appearance in this case." Dkt. #20 at 1.

 I am submitting this letter to advise the Court that it was the Plaintiff's counsel himself who not only engaged in creative interpretation in his response but also engaged in misrepresentation to the Court.

 To begin, I never insinuated that Plaintiff was reporting Defendant's X account. Instead, I merely asked if it was the Plaintiff, as my client did not know who was doing that. I also asked the Plaintiff's counsel whether he would agree for the Defendant to proceed anonymously, just like the Plaintiff. When I received a negative response to both questions, these issues were never brought up again.

 Furthermore, it is unclear why the Plaintiff's counsel believes that there was nothing to report to the Court simply because he believes no meaningful settlement offer was made. First, the Defendant did make an offer on July 10, and it was the Plaintiff's counsel who decided to respond with a counteroffer more than a month later, on August 14, 2024. Second, the Court instructed the parties to report to the Court within 30 days as to the progress of discovery exchange and potential settlement. Just because there was little to report does not mean that no report needed to be filed. It appears that the Plaintiff's counsel only decided to report to the Court after I had already filed my status report on August 13, 2024.

 The Plaintiff's counsel accuses me of placing roadblocks to stop the discovery exchange from occurring, without providing any examples of such roadblocks. Instead, it appears that the Plaintiff's counsel believes he is not required to provide any discovery simply because the videos

are intimate. This is despite the fact that the parties agreed to exchange initial discovery during the last court conference, and the videos in question would be those the Defendant would request in any discovery demands.

Most disturbing is Plaintiff's counsel's insinuation that Defendant "conveniently" deleted his OnlyFans account or that Defendant deleted all content relating to Plaintiff. Instead, as stated to the Plaintiff's attorney, it was OnlyFans that deleted the Defendant's account due to a violation of their policy, and the Defendant no longer had access to his OnlyFans account, or any data associated with it. I also informed counsel that we have some data that was pulled before the account was closed, "but not much." Furthermore, I never informed opposing counsel that the Defendant deleted all content relating to the Plaintiff. Instead, I was explaining why, in February 2024, another video involving CK might have been posted on OnlyFans after receipt of the Cease and Desist letter in November 2023. As part of that letter, Defendant agreed to remove all content from OnlyFans involving CK, but one video may have been unintentionally missed by Defendant. This was done months before the court case was filed, with the goal of complying with the letter's request that no more videos of CK be shared on OnlyFans.

 Undersigned counsel is concerned that the Plaintiff filed this case without having any hard evidence to substantiate the claims. Now, instead of exchanging discovery as the parties agreed to during the July 11, 2024, court conference, Plaintiff appears to be hoping to obtain that evidence via a subpoena to OnlyFans. This is likely why, the day after the August 11 conference, instead of exchanging discovery, the Plaintiff's counsel filed a subpoena.

 Regardless of the Plaintiff's true intentions, it is clear that the parties are nowhere close to reaching a settlement. Therefore, it is requested that the Court schedule another status conference for the parties to discuss the pretrial scheduling so that an order regarding the same can be issued by the Court.

 Thank you for Your Honor's time and attention to this matter.

Sincerely,

_s/ Litvak_____
Igor Litvak, Esq.